EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Aprobación del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico; enmienda a la Regla 36 del Reglamento del Programa de Educación Jurídica Continua y a la Regla 9 del Reglamento del Tribunal Supremo | 2018 TSPR 173<br><br>201 DPR ____ |

Número del Caso: ER-2018-4

Fecha: 12 de octubre de 2018

Materia: Resolución del Tribunal
        (Se incluye Reglamento para la Asignación de
        Abogados y Abogadas de oficio de Puerto Rico)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Aprobación del Reglamento para la
Asignación de Abogados y Abogadas
de Oficio de Puerto Rico;      ER-2018-04
enmienda a la Regla 36 del
Reglamento del Programa de
Educación Jurídica Continua y a
la Regla 9 del Reglamento del
Tribunal Supremo

RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de octubre de 2018.

En reconocimiento de la necesidad de examinar las normas vigentes que regulan las asignaciones de oficio en los tribunales del País, este Tribunal encomendó al Secretariado de la Conferencia Judicial y Notarial (Secretariado) la presentación de una nueva propuesta para regular las asignaciones de oficio en casos penales en los tribunales de Puerto Rico y extender su alcance a los procedimientos de naturaleza civil. Cumplida la encomienda delegada al Secretariado, se autorizó un proceso de consulta pública mediante la Resolución ER-2017-06 de 15 de junio de 2017 y se instruyó al Secretariado a presentar un informe junto con un proyecto de Reglamento revisado.[1]

Concluido el proceso de consulta pública, oportunamente, y en cumplimiento con lo requerido, el Secretariado presentó su informe titulado *Proyecto de Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico*. En éste se recoge el análisis de los comentarios y las recomendaciones que se recibieron durante la consulta y se presenta un

---

[1] *In re Proyecto de Regl. Abo. Oficio*, 198 DPR 427 (2017). Véase, además, la Resolución ER-2017-06 de 11 de agosto de 2017, *In re: Proyecto de Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico (Extensión de término para presentar comentarios)*.

proyecto de Reglamento revisado a tenor con el insumo del público y de la comunidad jurídica.

Examinado el informe y el proyecto presentado por el Secretariado, adoptamos en el día de hoy un nuevo *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico*, el cual se hace formar parte integral de esta Resolución.

Este nuevo reglamento se distingue por las características siguientes:

- Regula por primera ocasión la asignación de un abogado o de una abogada de oficio en procedimientos de naturaleza civil.

- Dispone un sistema mecanizado para la selección, asignación y notificación a través del Módulo de Abogados y Abogadas de Oficio.

- Establece un esquema de exenciones, aplicables por año fiscal, como mecanismo para mantener el banco de abogados y abogadas actualizado y como estrategia para atender de forma anticipada las razones que constituyen justa causa para excusar a un abogado o una abogada de una asignación de oficio.

- Reconoce figuras adicionales, tales como el abogado asesor o la abogada asesora a una persona que se representa por derecho propio, puntualizando que ésta no se considera una asignación de oficio.

- Define con mayor precisión los derechos y deberes del abogado y de la abogada auxiliar.

- Crea el concepto de zonas judiciales para lograr una distribución uniforme y más equitativa de las asignaciones entre abogados y abogadas que mantienen su práctica en un área geográfica determinada.

- Incorpora un mecanismo procesal para canalizar alegaciones de conflicto de intereses presentadas tanto por la Sociedad para Asistencia Legal o cualquier entidad análoga, como por un abogado o una abogada de oficio.

- Incentiva el trabajo *pro bono* al permitir que el servicio legal ofrecido sin compensación a través de entidades y organizaciones autorizadas se reconozca como un mecanismo de cumplimiento a la asignación de oficio.

- Permite, con la autorización del tribunal, que una representación legal asumida voluntariamente para asistir a una persona indigente se considere como una

asignación de oficio, con todos los beneficios y obligaciones que implica.

- Delimita la representación en etapas apelativas, distinguiendo aquellos procedimientos en que existe un derecho a asistencia legal en estas etapas (como sería la primera apelación para los procedimientos penales) o según la condición de la persona como parte apelada o recurrida.

- Instaura un nuevo esquema de certificación y aprobación de honorarios para simplificar el proceso y autorizar el pago de honorarios por año fiscal. Asimismo, se permite solicitar el rembolso de gastos por mes, independientemente de la etapa procesal en que se encuentre el caso.

- Reconoce expresamente un procedimiento de reconsideración para los asuntos que se rigen por este Reglamento, y se dispone para la presentación de una solicitud de *certiorari* ante el tribunal de mayor jerarquía que corresponda. Ambas solicitudes serán *ex parte*.

- Crea una Comisión Permanente para la Evaluación del Sistema de Oficio con deberes definidos y una composición específica para asegurar su buen funcionamiento. Esta Comisión rendirá un informe anual a este Tribunal con recomendaciones y hallazgos puntuales para mejorar el sistema de oficio.

Confiamos en que la reglamentación que hoy aprobamos refuerza nuestro compromiso con el acceso a la justicia y el cimiento de una cultura jurídica dirigida hacia el servicio *pro bono*. Con el propósito de permitir la adecuada divulgación de lo aquí dispuesto y de las normas y procedimientos que en virtud de ello se emitan, este Reglamento entrará en vigor el 1 de julio de 2019, en conformidad con lo dispuesto en su Regla 26. En concordancia, a partir de esta fecha, quedará inmediatamente derogado el Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal de Puerto Rico, aprobado el 1 de mayo de 2008.[2]

Se ordena al Director Administrativo de los Tribunales a que, dentro del periodo de ciento veinte (120) días, adopte las directrices administrativas y documentos enumerados en la Regla 25(a) de la nueva reglamentación. De igual modo, se ordena a la Directora Ejecutiva de la Academia Judicial Puertorriqueña a que, con el apoyo del Secretariado, brinde a los y las miembros de la Judicatura la capacitación necesaria para la implementación de este nuevo ordenamiento

---

[2] *In re Nuevo Reglamento Abogados Oficio*, 173 DPR 653 (2008).

para el sistema de asignaciones de oficio.

De otra parte, con la aprobación de este Reglamento, se incorporan alternativas para que los abogados y las abogadas soliciten que se convaliden como horas crédito de educación jurídica continua las horas ofrecidas *pro bono* como parte de una asignación de oficio o en una entidad u organización autorizada por la Oficina de Administración de los Tribunales. Estimamos que el proceso de la convalidación de tales horas debe quedar regulado en el Reglamento del Programa de Educación Jurídica Continua,[3] por lo que resulta necesario enmendar sus disposiciones.

A tono con las recomendaciones recibidas del Programa de Educación Jurídica Continua, se enmienda la Regla 36 del Reglamento del Programa de Educación Jurídica Continua como se indica a continuación:

.    .    .    .    .    .    .    .    .

CAPÍTULO VII. MECANISMOS ALTERNOS DE CUMPLIMIENTO

***Regla 34.*** […]

***Regla 35.*** […]

***Regla 36. Servicio pro bono***

Los y las profesionales del Derecho que interesen recibir horas crédito de educación jurídica continua por el servicio ofrecido *pro bono*, de conformidad con las disposiciones del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, deberán presentar ante el Programa una solicitud para la acreditación de las horas trabajadas *pro bono*. Con la solicitud incluirá la certificación del tribunal o el documento que acredite las horas ofrecidas *pro bono* emitido por la entidad u organización autorizada por la Oficina de Administración de los Tribunales, según aplique.

El cómputo para establecer las horas crédito que se convalidarán por el servicio *pro bono* corresponderá a 1 hora crédito general por cada 5 horas de trabajo, hasta un máximo de 6 horas crédito por periodo de cumplimiento. Las horas trabajadas *pro bono* en exceso de este límite de convalidación de ninguna manera se acreditarán como horas crédito de educación jurídica continua.

---

[3] *In re Aprobación Reglamento PEJC*, 198 DPR 254 (2017).

Las horas de servicio *pro bono* no podrán sustituir el requisito de las 4 horas crédito de Ética Profesional ni el de 6 horas crédito de Derecho Notarial requeridos por cada periodo de cumplimiento.

CAPÍTULO VIII. DISPOSICIONES GENERALES

*Regla 36. Representación legal de oficio*

~~Los y las profesionales del Derecho que ofrezcan servicios como resultado de una asignación de oficio del tribunal en procedimientos de naturaleza civil o penal podrán recibir acreditación cuando presenten su solicitud con la certificación emitida por el tribunal.~~

.    .    .    .    .    .    .    .

Esta enmienda a la Regla 36 del Reglamento del Programa de Educación Jurídica Continua entrará en vigor el 1 de julio de 2019.

Por último, en aras de promover el cumplimiento con el conocido deber establecido en la Regla 9(j) del Reglamento del Tribunal Supremo y para establecer un mecanismo ágil para la evaluación de las solicitudes de exención y de exclusión que se presenten al amparo de la reglamentación que hoy aprobamos, adoptamos las enmiendas siguientes a la Regla 9 del Reglamento del Tribunal Supremo:

.    .    .    .    .    .    .

(j) El Secretario o la Secretaria llevará un registro en orden cronológico de todas las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Todo abogado y toda abogada deberá registrar su firma en dicho registro. Los notarios y las notarias deberán registrar, además, su signo, sello y rúbrica.

El Secretario o la Secretaria tendrá a su cargo el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) con el nombre y apellidos de todos los abogados autorizados y todas las abogadas autorizadas a postular ante los tribunales y a ejercer la notaría, las fechas en que fueron admitidos y admitidas al ejercicio de su profesión, su número ante el Tribunal Supremo, los números de teléfono de su oficina y los personales, el número de fax, su dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la oficina notarial (si la tiene), ~~la dirección seleccionada por el abogado~~

~~o la abogada para recibir las notificaciones~~ y su dirección electrónica.

Todo abogado~,~ y toda abogada, <u>incluyendo a los notarios y las</u> notarias, tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el ~~Registro Único~~ <u>RUA</u>. <u>Deberá presentarse de forma complementaria una declaración especial al Tribunal cuando se actualicen datos o información en el RUA que puedan dar lugar a la concesión o revisión de una exclusión al amparo del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico.</u>

<u>Esta declaración especial se presentará electrónicamente, mediante el sistema habilitado a esos fines, y contendrá una certificación de que el perfil en el RUA y toda la información que allí conste están actualizados. En particular, confirmará que la información de contacto (teléfonos, direcciones postales y físicas de su residencia y oficina, localización de la oficina notarial (si la tiene), y direcciones de correo electrónico) es la correcta y que ha actualizado su historial de empleo y de materias de práctica jurídica. La declaración especial incluirá, además, la solicitud para que el Tribunal conceda una solicitud de exclusión o reconsidere una exclusión concedida a tenor con las disposiciones de la Regla 7 del Reglamento para la Asignación de Abogados y Abogadas de Oficio, según aplique.</u>

.        .        .        .        .        .        .

<u>(q) Las solicitudes para la concesión de una causa de exclusión o exención al amparo del Reglamento para la Asignación de Abogados y Abogados de Oficio de Puerto Rico se concederán por el Secretario o la Secretaria del Tribunal, salvo las solicitudes de exclusión por razón de una incapacidad permanente o indefinida, cuya adjudicación quedará reservada exclusivamente al Tribunal Supremo.</u>

<u>De denegarse una causa de exención o de exclusión solicitada, el Secretario o la Secretaria deberá establecer las razones para su denegación. El abogado o la abogada inconforme con la determinación podrá presentar una petición de reconsideración ante el Secretario o la Secretaria del Tribunal. Toda petición de reconsideración deberá presentarse de forma electrónica en un término de diez (10) días laborables desde la fecha de notificación de la determinación. Se denegará de plano cualquier</u>

solicitud de prórroga para presentar una petición de reconsideración.

Si, como resultado de una petición de reconsideración, el Secretario o la Secretaria enmienda o de alguna forma modifica su determinación inicial, el abogado afectado o la abogada afectada podrá presentar una nueva petición de reconsideración ante el Secretario o la Secretaria dentro de un plazo de diez (10) días laborables contados desde la notificación de la determinación del Secretario o la Secretaria.

El abogado o la abogada podrá presentar ante el Tribunal Supremo una moción de reconsideración dentro de un plazo de tres (3) días laborables desde la fecha de notificación de la determinación final del Secretario o de la Secretaria. Conforme la Regla 4(b) de este Reglamento, el Tribunal se organizará en salas de despacho para atender esta moción de reconsideración. Para recomendar la concesión de una moción de reconsideración, se requerirán los votos de por lo menos la mitad de los Jueces o de las Juezas que intervengan. Cuando una sala determine que la petición de reconsideración deberá ser concedida, lo referirá al Pleno del Tribunal, quien determinará finalmente si concede la reconsideración referida.

Cuando un abogado o una abogada presente una declaración especial para solicitar una exclusión por razón de una incapacidad permanente o indefinida, el Tribunal se organizará, igualmente, en salas de despacho. Para recomendar la concesión de esta causa de exclusión, se requerirán los votos de por lo menos la mitad de los Jueces o de las Juezas que intervengan. Cuando una sala determine que deberá ser concedida, referirá la solicitud al Pleno del Tribunal. El Pleno del Tribunal determinará finalmente si concede la causa de exclusión referida. Las mociones de reconsideración ante el Pleno del Tribunal Supremo serán resueltas por éste, conforme las disposiciones de la Regla 45 de este Reglamento.

.       .       .       .       .       .       .

Esta enmienda a la Regla 9 del Reglamento del Tribunal Supremo de Puerto Rico entrará en vigor el 17 de mayo de 2019.

Notifíquese por correo electrónico al Director Administrativo de los Tribunales, a la Directora del Secretariado de la Conferencia Judicial y Notarial, a la Junta de Educación Jurídica Continua, al Director Ejecutivo del Programa de Educación Jurídica Continua, a la Directora Ejecutiva de la Academia Judicial Puertorriqueña, y al

Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

**TRIBUNAL SUPREMO DE PUERTO RICO**

**REGLAMENTO PARA LA ASIGNACIÓN**
**DE ABOGADOS Y ABOGADAS DE OFICIO DE PUERTO RICO**

**OCTUBRE 2018**

# TABLA DE CONTENIDO

CAPÍTULO I.  INTERPRETACIÓN DEL REGLAMENTO ........................................................................1

Regla 1.  Título y base jurídica ................................................................................................1

Regla 2.  Propósito e interpretación .......................................................................................1

Regla 3.  Obligación ética de ofrecer servicios *pro bono* como resultado de una asignación de oficio del tribunal ............................................................................................................2

Regla 4.  Definiciones ...............................................................................................................2

CAPÍTULO II.  EXTENSIÓN Y APLICACIÓN ...................................................................................6

Regla 5.  Alcance del Reglamento; procedimientos judiciales aplicables .........................6

Regla 6.  Alcance del Reglamento; personas indigentes ......................................................7

Regla 7.  Alcance del Reglamento; banco de abogados y abogadas de oficio ..................7

CAPÍTULO III. DETERMINACIÓN DE INDIGENCIA Y ASIGNACIÓN DE UNA REPRESENTACIÓN LEGAL DE OFICIO..........................................................................................................................10

Regla 8.  Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del tribunal .......................................10

Regla 9.  Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada .........16

Regla 10.  Representación voluntaria *pro bono* ante el tribunal .......................................18

CAPÍTULO IV.  COMPENSACIÓN POR LA GESTIÓN DE OFICIO, PROCEDIMIENTO PARA SU APROBACIÓN, DENEGACIÓN Y AJUSTE ......................................................................................21

Regla 11.  Compensación y convalidación de créditos por la asignación de oficio ..................21

Regla 12.  Honorarios por el servicio de representación legal de oficio .........................21

Regla 13.  Certificación de horas trabajadas por una asignación de oficio .....................21

Regla 14.  Procedimiento para solicitar honorarios .........................................................22

CAPÍTULO V.  GASTOS RAZONABLES Y PROCEDIMIENTO PARA SU REMBOLSO .......................24

Regla 15.  Gastos razonables ...............................................................................................24

Regla 16.  Procedimiento para solicitar el rembolso de gastos .......................................25

CAPÍTULO VI. DISPOSICIONES GENERALES ..............................................................................27

Regla 17.   Términos; cómo se computarán .......................................................................27

Regla 18.  Revisión de determinaciones sobre asignación de abogados y abogadas de oficio, compensación, pago por sus servicios y rembolso de gastos de litigación ...............27

Regla 19.  Restitución de fondos al Estado .......................................................................27

CAPÍTULO VII. EVALUACIÓN CONTINUA DEL SISTEMA DE ASIGNACIÓN DE OFICIO ...............28

Regla 20.  Deberes de la Oficina de Administración de los Tribunales .........................28

Regla 21.   Deberes de los Jueces Administradores y de las Juezas Administradoras ............29

Regla 22.   Creación de la Comisión Permanente para la Evaluación del Sistema de Oficio.. 30

CAPÍTULO VIII. MEDIDAS DE TRANSICIÓN, SEPARABILIDAD Y VIGENCIA.................................... 31

Regla 23.   Separabilidad............................................................................................................. 31

Regla 24.   Derogación................................................................................................................. 31

Regla 25.   Medidas transitorias................................................................................................. 31

Regla 26.   Vigencia...................................................................................................................... 33

**REGLAMENTO PARA LA ASIGNACIÓN DE**
**ABOGADOS Y ABOGADAS DE OFICIO DE PUERTO RICO**

## CAPÍTULO I.  INTERPRETACIÓN DEL REGLAMENTO

### Regla 1.  Título y base jurídica

Este Reglamento se conocerá como Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico.

Se promulga en virtud del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar la profesión de la abogacía en Puerto Rico y establecer los procedimientos necesarios para facilitar la sana administración de la justicia, facultades reiteradas en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada. Además, este Reglamento se elabora en conformidad con el deber ético-profesional impuesto por el Código de Ética Profesional según puntualizado en *Ramos Acevedo v. Tribunal Superior*, 133 DPR 599 (1993), y *Pueblo v. Morales*, 150 DPR 123 (2000).

Recae sobre el Estado el deber de garantizar el acceso a la representación legal a personas de escasos recursos económicos, como corolario al principio constitucional de igualdad ante la ley del Artículo II, Sección 1 de nuestra Constitución. Al amparo de este deber, se implementa un sistema de asignaciones de oficio para procedimientos de naturaleza civil y penal en los tribunales de Puerto Rico.  Este sistema se financia con fondos del Estado sobre la base fiscal de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, y el Artículo 271 del Código de Enjuiciamiento Criminal de 1935, según enmendado, o cualquier otra asignación de fondos aprobada mediante ley para sufragar el sistema de oficio.

### Regla 2.  Propósito e interpretación

El propósito de este Reglamento es implementar un sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal aplicables, el cual fomentará el trabajo *pro bono* y hará viable el cumplimiento de todo abogado y de toda abogada con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes.  Estas reglas se interpretarán de forma que promuevan el acceso a los tribunales mediante la representación legal gratuita a personas de escasos recursos económicos que cualifiquen como indigentes al amparo de las normas y los procedimientos establecidos en este Reglamento y de los criterios económicos establecidos por la Oficina de Administración de los Tribunales.

Nada de lo dispuesto en estas reglas limita la discreción del tribunal de ordenar la asignación de oficio de un abogado o de una abogada para que represente a una persona indigente en un procedimiento judicial no reconocido de forma expresa por este Reglamento si, a juicio del tribunal, dicha asignación promueve la sana administración del sistema judicial y la equidad procesal entre las partes, como corolario al imperativo del acceso a la justicia.

Los términos establecidos en este Reglamento deberán interpretarse para salvaguardar la celeridad de los procedimientos judiciales, sin menoscabar los principios rectores de acceso a los tribunales y manejo de los procesos. Salvo que se disponga lo contrario, los términos fijados son de estricto cumplimiento, por lo que se desalienta su extensión a menos que se demuestre justa causa.

### Regla 3. Obligación ética de ofrecer servicios *pro bono* como resultado de una asignación de oficio del tribunal

Quien ejerce la abogacía tiene la responsabilidad ética, al amparo del Código de Ética Profesional, de procurar que toda persona pueda contar con una representación legal adecuada y ofrecer servicios legales *pro bono* a personas indigentes. Como oficiales del tribunal, y a tono con esta obligación, los abogados y las abogadas aceptarán que el tribunal les asigne para representar de oficio a una persona indigente, salvo que demuestre justa causa al amparo de la Regla 9(b) de este Reglamento.

### Regla 4. Definiciones

(a) *Abogado o abogada auxiliar* – Se refiere al abogado o a la abogada que se asigna de oficio para asumir una representación legal juntamente con otro abogado u otra abogada de oficio. El abogado o la abogada auxiliar tiene la misma obligación con relación a su representado o representada que quien se asignara de oficio inicial o simultáneamente en el mismo caso.

(b) *Abogado o abogada de oficio* – Se refiere a los abogados y las abogadas con autorización para ejercer la abogacía en Puerto Rico a quienes un tribunal asigna para asumir la representación legal de una persona indigente al amparo de este Reglamento. Incluye la persona asignada como "abogado o abogada auxiliar". Excluye a los abogados y las abogadas que se hayan admitido por cortesía al amparo de la Regla 12(f) del Reglamento del Tribunal Supremo.

(c) *Año fiscal* – Se refiere al periodo de tiempo comprendido entre el 1 de julio de un año calendario hasta el 30 de junio del año calendario siguiente.

(d) *Certificación* – Resolución que emite el tribunal, a petición del abogado o de la abogada de oficio, para aprobar las horas trabajadas de oficio en conformidad con las gestiones realizadas en la etapa del procedimiento que tuvo ante su consideración.

(e) *Declaración anual* – Se refiere a la certificación que presentará anualmente y de forma electrónica todo abogado y toda abogada en Puerto Rico para solicitar una de las causas de exenciones establecidas en la Regla 7(b) de este Reglamento.

(f) *Declaración especial* – Se refiere a la certificación que presentarán los abogados y las abogadas al solicitar una causa de exclusión establecida en la Regla 7(a) de este Reglamento o para notificar cambios en las circunstancias personales o profesionales de un abogado o una abogada que puedan justificar la revisión de una exclusión

2

concedida, acorde con lo requerido en la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico.

(g) *Diferimiento* – Se refiere a la facultad del tribunal para relevar a un abogado o a una abogada de una asignación de oficio en un caso particular, con el efecto de conservar su turno para una asignación posterior. Incluye el diferimiento por duración específica, el cual tiene el efecto de aplazar una asignación durante el término concedido, luego del cual retornará a la posición que le correspondía en el banco de abogados y abogadas de oficio al momento de solicitar el relevo.

(h) *Empleado o empleada* – Se refiere a una persona que rinde servicios a un patrono y a cambio recibe de este un sueldo, salario, jornal, comisión, bono, adehala o cualquier otra forma de compensación. Se distingue de "contratista" quien, dada la naturaleza de su función y la forma en que presta servicios, resulta ser su propio patrono.

(i) *Empleado o empleada en el servicio público* – Se refiere al abogado o a la abogada que ocupa un puesto en el gobierno de Puerto Rico o en la jurisdicción federal en cualquiera de las ramas de gobierno, agencias, corporaciones públicas, municipios, organismos o dependencias públicas, entre otras entidades análogas.

(j) *Entidades u organizaciones autorizadas* – Se refiere a las escuelas de derecho, bufetes, las asociaciones o los colegios que agrupan el gremio, las dependencias de la Rama Judicial, las organizaciones sin fines de lucro, las agencias gubernamentales, entre otras entidades análogas, que ofrecen servicios legales gratuitos a personas de escasos recursos económicos en Puerto Rico, mediante programas o proyectos supervisados, en cumplimiento con los criterios que la Oficina de Administración de los Tribunales disponga mediante directriz.

(k) *Exclusión* – Se refiere a las causas que liberan al abogado o a la abogada de su responsabilidad de figurar en el banco de abogados y abogadas de oficio indefinidamente o por un periodo específico, conforme este Reglamento.

(l) *Exención* – Se refiere a las causas que liberan al abogado o a la abogada de figurar en el banco de abogados y abogadas de oficio durante el año fiscal determinado.

(m) *Factura* – Requerimiento de pago o recibo expedido según se acostumbra comercialmente, el cual precisará el servicio prestado o los artículos comprados, la fecha en que se hizo el pago y la firma de la persona que lo recibió. De ser posible, tendrá impreso el membrete de la persona o compañía que provee el servicio

(n) *Fondos del Estado* – Se refiere a los recursos fiscales que financian el pago de honorarios y gastos razonables y necesarios para la representación de oficio asignada por un tribunal, los cuales serán desembolsados por el Departamento de Hacienda o la dependencia gubernamental a quien se le asignen.

(ñ) *Gastos extraordinarios* – Se refiere a los gastos razonables que, por su naturaleza o cuantía, requieren autorización previa del tribunal o el Juez Administrador o la Jueza Administradora, según aplique, en conformidad con las disposiciones del Capítulo V

de este Reglamento, para que proceda su rembolso. Se considerará que un gasto es extraordinario cuando exceda de $ 250 o esté relacionado a la contratación de servicios profesionales de una persona perita, intérpretes, traductores o traductoras, investigadores o investigadoras, entre otros u otras especialistas similares.

(o) *Gastos razonables* – Se refiere a los gastos necesarios e indispensables para la efectiva representación de la persona indigente, cuyo rembolso podrá solicitarse mensualmente.

(p) *Incapacidad permanente o indefinida* – Se refiere a una enfermedad o incapacidad de tal naturaleza y magnitud que impide al abogado o a la abogada ejercer la profesión o le obliga reducir sustancialmente su práctica. Cuando haya duda sobre el elemento de temporalidad, se entenderá que una enfermedad o incapacidad es permanente o indefinida si se extiende por un periodo de seis (6) meses o más. La concesión de una exclusión por esta causa no releva al abogado o a la abogada de su deber de notificar oportunamente al Tribunal Supremo mediante moción cuando cese el estado de incapacidad.

(q) *Indigencia* – Estado de insolvencia económica determinado en conformidad con los estándares establecidos por la Oficina de Administración de los Tribunales o por una entidad sin fines de lucro que ofrece servicios legales a personas de escasos recursos económicos, tales como la Sociedad para Asistencia Legal de Puerto Rico, Pro-Bono, Inc., Servicios Legales de Puerto Rico, Inc., la Oficina Legal de la Comunidad, Inc. u otras entidades análogas. Se presumirá que una persona cualifica como indigente si recibe asistencias gubernamentales por razón de sus ingresos, tales como asistencia nutricional, beneficios de vivienda subsidiada u otras análogas.

(r) *Indigente* – Se refiere a una persona natural sometida a un procedimiento judicial de naturaleza civil o penal aplicable que demuestre su estado de indigencia.

(s) *Juez Administrador o Jueza Administradora* – Se refiere al Juez Administrador o la Jueza Administradora de la región judicial donde ubica la sala del tribunal en que se celebra el procedimiento civil o penal, según definido en la Regla 5 de este Reglamento. Comprende, además, al Juez Administrador o a la Jueza Administradora del Tribunal de Apelaciones.

(t) *Jueza Presidenta o Juez Presidente* – Se refiere a la Jueza Presidenta o al Juez Presidente del Tribunal Supremo de Puerto Rico.

(u) *Módulo de Asignaciones de Oficio* – Se refiere al sistema electrónico que ordena el banco de abogados y abogadas de oficio, el cual le provee al tribunal los parámetros para asignar a un abogado o una abogada, según la naturaleza del procedimiento, la complejidad del caso, los años de experiencia del abogado o de la abogada y su historial de práctica jurídica.

(v) *Necesidades fundamentales del ser humano* – Se refiere a los procedimientos judiciales de naturaleza civil en que estén implicados asuntos sobre vivienda, sustento, salud, seguridad y los derechos de los padres y las madres sobre sus hijos e hijas menores de

4

edad, tales como patria potestad, custodia, filiación, relaciones materno- y paterno-filiales en conformidad con los parámetros emitidos mediante directriz por la Oficina de Administración de los Tribunales.

(w) *Pro bono* – Aquellos servicios legales que se ofrecen gratuitamente y sin la expectativa de recibir compensación a personas o comunidades de escasos recursos económicos, o a personas jurídicas con limitados recursos para sufragar honorarios y cuya misión primordial es proveer servicios que benefician directamente a personas en estado de insolvencia económica según se determina en el inciso (q) de esta regla. Las horas *pro bono* serán acreditadas por las entidades u organizaciones autorizadas, o mediante resolución del tribunal, cuando se brinde servicio de asesoramiento, a tenor con la Regla 5(d), o de representación voluntaria *pro bono*, según dispuesto en la Regla 10(b) de este Reglamento. Cuando se trate de una asignación de oficio, las primeras treinta (30) horas ofrecidas en la representación de personas indigentes se reputarán como horas de oficio *pro bono*, en cumplimiento del deber ético de ofrecer servicios legales a personas de escasos recursos económicos.

(x) *Registro Único de Abogados y Abogadas de Puerto Rico (RUA)* – Se refiere a la base de datos centralizada que recoge la información de las personas autorizadas por el Tribunal Supremo a ejercer la abogacía y la notaría en Puerto Rico.

(y) *Tribunal* – Se refiere al juez o a la jueza de la sala del Tribunal de Primera Instancia que tuvo ante su consideración un procedimiento al amparo de este Reglamento, ya sea en una etapa o en su totalidad. Se refiere, además, al panel de jueces y juezas del Tribunal de Apelaciones o al Pleno del Tribunal Supremo que tuvo ante su consideración un procedimiento en etapa apelativa o de forma interlocutoria.

(z) *Zona judicial* – Se refiere a la agrupación de regiones judiciales que asegura una distribución equitativa del banco de abogados y abogadas de oficio en el ámbito penal y civil a base de los criterios que establezca el Director Administrativo o la Directora Administrativa de los Tribunales en conformidad con la facultad que le confiere este Reglamento.

**CAPÍTULO II.  EXTENSIÓN Y APLICACIÓN**

**Regla 5.  Alcance del Reglamento; procedimientos judiciales aplicables**

(a)      *Procedimientos de naturaleza penal.* A excepción de la vista de determinación de causa probable para arresto, este Reglamento aplicará a todo procedimiento judicial de naturaleza penal incoado en la jurisdicción del Estado Libre Asociado de Puerto Rico en el cual se haya reconocido el derecho a la asistencia legal de abogado o abogada. En específico, aplicará en cualquier etapa crítica del proceso, incluida la primera apelación, y que, como resultado de dicho procedimiento, una persona natural pueda estar sujeta a:

(1)      la restricción de su libertad mediante arresto;

(2)      una o varias de las penas de reclusión que establece el Código Penal de Puerto Rico, Ley Núm. 146 de 30 de julio de 2012, según enmendada, cualquier ley análoga adoptada en sustitución, y las leyes especiales penales;

(3)      una o varias de las medidas dispositivas provistas por la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, según enmendada, o cualquier ley análoga adoptada en sustitución, o

(4)      la modificación o revocación de medidas de desvío o alternas a la reclusión que conlleve la pérdida o restricción de la libertad.

(b)      *Procedimientos de naturaleza civil.* Este Reglamento aplicará a los procedimientos judiciales de naturaleza civil en los cuales se haya reconocido el derecho a la asistencia de abogado o abogada de una persona natural, así como a aquellos en los que estén implicadas las necesidades fundamentales del ser humano, según se define en este Reglamento.

(c)      *Discreción del tribunal*.  De forma excepcional, este Reglamento también aplicará, a los procedimientos judiciales no reconocidos de forma expresa en los incisos (a) y (b) de esta regla cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia. Antes de proceder con la asignación de un abogado o una abogada de oficio al amparo de este inciso, el tribunal queda facultado para requerir a la parte indigente que demuestre las gestiones realizadas para obtener la representación legal de alguna entidad que ofrece servicios legales gratuitos y que tales servicios fueron denegados.

(d)      *Nombramiento como abogado asesor o abogada asesora*.  Este Reglamento no aplicará al servicio de asesoramiento ofrecido por un abogado o una abogada, a petición del tribunal, con el fin de proveerle servicios de orientación legal a una persona que interesa ejercer su derecho a la autorrepresentación en cualquier etapa de un trámite judicial. No obstante, quien reciba un nombramiento para prestar estos servicios a una persona indigente podrá solicitar al tribunal una certificación de las horas trabajadas *pro bono* con el propósito de:

(1)      reputarlas como parte de las treinta (30) horas requeridas para solicitar una exención al amparo de la Regla 7(b)(1), y

(2)      reclamar la convalidación de horas créditos de educación jurídica continua, en conformidad con las disposiciones del Reglamento del Programa de Educación Jurídica Continua.

## Regla 6.  Alcance del Reglamento; personas indigentes

Este Reglamento aplicará a las personas naturales de escasos recursos económicos que confrontan un procedimiento de naturaleza penal o civil, según definidos en la Regla 5, y que demuestren su estado de indigencia, a tenor con el proceso establecido en los incisos (a) y (b) de la Regla 8 y las normas adoptadas por la Oficina de Administración de los Tribunales conforme este Reglamento.

Demostrada la indigencia y mientras esta subsista, una persona sometida a un procedimiento judicial de naturaleza penal tendrá derecho a obtener la asignación de un abogado o una abogada de oficio por parte del tribunal cuando la Sociedad para Asistencia Legal o una entidad análoga no pueda asumir dicha representación debido a conflictos de intereses o justa causa, debidamente acreditadas.

De igual forma, demostrada la indigencia y mientras esta subsista, el tribunal podrá asignar un abogado o una abogada de oficio a una parte promovida en un procedimiento judicial de naturaleza civil, sin que para ello sea necesario un referido inicial a una entidad que ofrece servicios legales gratuitos.

Cuando la persona indigente sea la parte promovente de una acción civil en la que están en controversia las necesidades fundamentales del ser humano, el tribunal también podrá asignar un abogado o una abogada de oficio. No obstante, antes de esta asignación, la persona indigente deberá demostrar al tribunal las diligencias realizadas para obtener representación legal de alguna entidad que ofrece servicios legales gratuitos en procedimientos de naturaleza civil y que el servicio fue denegado.

En procedimientos o vistas de emergencia que requieran la asignación inmediata de un abogado o una abogada de oficio, el tribunal podrá realizar una asignación de oficio sin que sea necesario que la persona indigente cumpla con los requisitos previamente establecidos de demostrar al tribunal las diligencias realizadas para obtener representación legal de alguna entidad que ofrece servicios legales gratuitos en procedimientos de naturaleza civil y que el servicio fue denegado.

## Regla 7.  Alcance del Reglamento; banco de abogados y abogadas de oficio

Toda persona autorizada por el Tribunal Supremo para ejercer la abogacía en Puerto Rico se incluirá en el banco de abogados y abogadas de oficio, salvo que le aplique una causa de exclusión o de exención establecida en esta regla.

(a)      *Causas de exclusión*. Se excluirá de la aplicación del Reglamento al abogado y a la abogada que:

(1) no figure como "activo" en el RUA, ya sea por baja voluntaria, solicitud de cambio de estatus a "inactivo", suspensión definida o indefinida, o por separación del ejercicio de la abogacía decretada por el Tribunal Supremo;

(2) haya cumplido setenta (70) años;

(3) solicite exclusión, mediante una declaración especial, por una incapacidad permanente o indefinida, debidamente evidenciada y autorizada por el Tribunal Supremo;

(4) solicite exclusión, mediante una declaración especial, como abogado honorífico o abogada honorífica, tras laborar por veinticinco (25) años como empleado o empleada a tiempo completo en una entidad que ofrezca servicios legales a personas de escasos recursos económicos, debidamente evidenciada y autorizada por el Tribunal Supremo, o

(5) solicite exclusión, mediante una declaración especial, porque ocupa un cargo público mediante nombramiento a término que le impida el ejercicio de la práctica privada de la profesión por disposición legal o por limitación de su cargo, sujeto al término de nombramiento y mientras ocupe el cargo público; disponiéndose el deber de informar inmediatamente cualquier cambio al Secretario o a la Secretaria del Tribunal Supremo.

(b) *Causas de exención*. Se eximirá de la aplicación del Reglamento al abogado o a la abogada que certifique cualquiera de las circunstancias siguientes:

(1) que, durante el año fiscal anterior, cumplió con treinta (30) horas de servicio *pro bono*, debidamente acreditadas por una entidad u organización autorizada por la Oficina de Administración de los Tribunales;

(2) que no ejerce actualmente la abogacía ni la notaría, pese a su estatus activo en el RUA;

(3) que no reside ni practica la abogacía o la notaría en Puerto Rico;

(4) que ocupa un puesto a tiempo completo como empleado o empleada en el servicio público, que no se trate de un cargo público mediante nombramiento a término y que no ejerce la práctica privada de la profesión;

(5) que ocupa un puesto a tiempo completo como empleado o empleada de una entidad sin fines de lucro donde ofrece servicios legales a personas indigentes, o

(6) que funge como miembro de algún comité, comisión, junta u otros grupos de trabajo, cuyos integrantes prestan un servicio *ad honorem* para la Rama Judicial, debidamente solicitada y autorizada por el Tribunal Supremo.

La exención al amparo del inciso (b)(2) de esta regla aplicará a quienes se dedican exclusivamente a otra profesión u oficio no relacionado con el Derecho, a las personas jubiladas que no ejercen la abogacía ni la notaría, y a abogados y abogadas en el servicio militar activo.

(c) *Declaración anual*. Todo abogado y toda abogada que interese solicitar una de las causas de exención establecidas en esta regla deberá presentar electrónicamente una declaración anual, mediante el sistema habilitado a esos fines, al Tribunal Supremo en los primeros treinta (30) días de cada año fiscal. En la declaración anual se certificará, además, que el perfil en el RUA y todos los datos que allí consten están actualizados, confirmando que:

(1) la información de contacto (teléfonos, direcciones postales y físicas de su residencia y oficina, localización de su oficina notarial (si la tiene) y las direcciones de correo electrónico) es la correcta;

(2) ha actualizado su historial de empleo;

(3) ha actualizado su historial de práctica jurídica, y

(4) a petición del Tribunal Supremo, se compromete a someter evidencia que sustente cualquier causa de exención solicitada, si aplica.

Las solicitudes de exención al amparo de este Reglamento se atenderán según las disposiciones de la Regla 9(q) del Reglamento del Tribunal Supremo de Puerto Rico. La solicitud de exención, debidamente acreditada y autorizada por el Tribunal Supremo, tendrá vigencia durante el año fiscal en que se presente. Durante ese término, la persona exenta no figurará en el banco de abogados y abogadas de oficio.

La presentación de una declaración anual o la autorización de una exención para un año fiscal no releva al abogado o a la abogada de su deber continuo de mantener su perfil en el RUA actualizado. Podrá iniciarse un proceso disciplinario contra cualquier abogado o abogada que solicite una exención que no le aplique con la intención de evadir su responsabilidad ética de ofrecer servicios legales a personas indigentes al amparo de este Reglamento.

(d)     *Declaración especial*. Cuando surjan cambios en las circunstancias personales o profesionales de un abogado o una abogada que puedan dar lugar a la concesión de una nueva exclusión o revisión de una exclusión ya concedida al amparo de este Reglamento, deberá someter una declaración especial al Tribunal Supremo, en cumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico.

Las solicitudes de exclusión se atenderán según las disposiciones de la Regla 9(q) del Reglamento del Tribunal Supremo. Mientras persista la causa de la exclusión, el abogado o la abogada no figurará en el banco de abogados y abogadas de oficio. De igual forma, la autorización de una causa de exclusión no releva al abogado o a la abogada de su deber de informar inmediatamente cualquier cambio al Secretario o a la Secretaria del Tribunal Supremo.

Transcurrido el término para la presentación de una declaración anual, el abogado o la abogada deberá solicitar la causa de exención aplicable mediante la presentación de una declaración especial cuando sus circunstancias personales o profesionales justifiquen eximirle del banco de abogados y abogadas de oficio.

## CAPÍTULO III. DETERMINACIÓN DE INDIGENCIA Y ASIGNACIÓN DE UNA REPRESENTACIÓN LEGAL DE OFICIO

**Regla 8. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del tribunal**

(a) *Cuándo procede la determinación de indigencia*. Se requerirá una determinación de indigencia para que proceda una asignación de oficio por parte del tribunal al amparo de las disposiciones de este Reglamento.

En todo procedimiento de naturaleza civil a tenor con este Reglamento, será deber del tribunal evaluar la capacidad económica de una persona que comparezca sin abogado o abogada alegando indigencia, salvo que la persona cuente con una determinación de estado de insolvencia emitida por una entidad sin fines de lucro que ofrece servicios legales gratuitos o afirme su interés en continuar con el proceso por derecho propio. Si la persona no reúne los criterios para recibir los servicios de estas entidades sin fines de lucro por razón de solvencia económica, podrá solicitar al tribunal que realice una determinación de indigencia independiente para la asignación de representación de oficio. Esta determinación del tribunal deberá descansar en los estándares de indigencia establecidos por la Oficina de Administración de los Tribunales, y así constará en su resolución.

Como regla general, cuando una persona comparezca sin abogada o abogado y alegue su indigencia en un procedimiento de naturaleza penal según definido en este Reglamento, el tribunal la referirá a las oficinas de la Sociedad para Asistencia Legal, o una entidad análoga, para que la entreviste y evalúe si cualifica para recibir servicios gratuitos de representación legal. Al realizar el referido, se dará cumplimiento a las normas siguientes:

(1) Cuando la Sociedad para Asistencia Legal o una entidad análoga acepte representar la persona imputada o acusada de delito deberá notificarlo al tribunal mediante la presentación de una moción el día que asuma la representación legal o a más tardar al día siguiente.

(2) Cuando la Sociedad para Asistencia Legal o una entidad análoga no asuma la representación legal de la persona imputada o acusada de delito, el día de la entrevista o a más tardar al día siguiente, deberá presentarse una moción donde se indique si la persona es indigente y las razones por las cuales la persona no cualifica para recibir los servicios de la entidad, ya sea por conflicto de intereses o justa causa.

Si se alega que no se asumirá representación por razón de un conflicto de intereses, será necesario explicar en qué consisten las circunstancias que dan lugar al conflicto alegado, conforme dispone el inciso (g) de esta regla, salvo que se trate de un conflicto en la defensa de personas coacusadas de delito en un mismo procedimiento.

La persona que no cualifique para recibir los servicios de la Sociedad para Asistencia Legal o de la entidad análoga podrá solicitar al tribunal que realice una determinación de indigencia independiente para la asignación de representación de oficio. Esta determinación del tribunal deberá descansar en los estándares de

indigencia establecidos por la Oficina de Administración de los Tribunales, y así deberá constar en su resolución.

(b)    *Procedimiento para la determinación de indigencia*. Cuando corresponda al tribunal realizar la determinación de indigencia, deberá requerirle a la persona que reclama la representación legal de oficio que presente evidencia jurada, so pena de perjurio, de su estado de insolvencia y su imposibilidad de obtener los recursos económicos para pagar los servicios de un abogado o de una abogada. Además, podrá requerirle cualquier otra evidencia que considere necesaria para determinar la indigencia y constatar la veracidad de lo declarado, incluida la cualificación de indigencia que haya realizado una entidad que ofrece servicios legales gratuitos a personas de escasos recursos económicos, cuando aplique.

El tribunal que atienda el procedimiento entregará a la persona indigente copia del formulario que adopte la Oficina de Administración de los Tribunales para la determinación de estado de indigencia. Este contendrá los criterios básicos para determinar el estado de insolvencia de la persona y se unirá al expediente una vez se haya completado en todas sus partes. Cuando se trate de una solicitud presentada por una persona confinada, se permitirá que la Secretaría reciba el formulario sin juramentar. No obstante, en la próxima fecha de señalamiento ante el tribunal, se le tomará el juramento en sala.

Cuando se entregue el formulario, el tribunal advertirá a la persona solicitante que proveer información falsa bajo juramento sobre su situación económica y sobre su posibilidad de obtener recursos económicos para sufragar los costos de su representación legal podría configurar el delito de perjurio y constituir desacato al tribunal. Le advertirá, además, sobre las sanciones legales aplicables de encontrarse incurso en desacato y de su deber de informar al tribunal si sus circunstancias económicas han cambiado de tal manera que tuviera la capacidad de pagar por los servicios de representación legal.

El tribunal evaluará la información provista a la luz del ingreso máximo permitido en conformidad con la directriz emitida por la Oficina de Administración de los Tribunales, con el fin de determinar si la persona cumple con los parámetros económicos mínimos. El tribunal emitirá su determinación oportuna mediante resolución.

La información provista para la determinación de indigencia al amparo de esta regla no podrá utilizarse en contra de la persona que alega su estado de indigencia, salvo en un procedimiento de perjurio o desacato por un acto cometido en el ofrecimiento de información falsa al tribunal o en un proceso al amparo de la Regla 19 de este Reglamento. Además, no se entenderá que la persona se sometió voluntariamente a la jurisdicción del tribunal por la mera presentación del formulario de indigencia.

(c)    *Selección de la representación legal de oficio*.  Determinada la indigencia de la persona conforme los incisos (a) y (b) de esta regla, el tribunal realizará la asignación de representación legal de oficio a través del Módulo de Asignaciones de Oficio, seleccionando al abogado o la abogada cuyo nombre esté próximo en turno en el banco de abogados y abogadas de oficio. Sin embargo, no podrá asignar ningún abogado o ninguna abogada que haya cumplido con el número de horas requeridas por la Regla 11

hasta tanto se haya agotado el banco de abogados y abogadas de oficio en la zona judicial correspondiente.

El Módulo de Asignaciones de Oficio dividirá el universo de profesionales del Derecho disponibles para recibir asignaciones de oficio por orden de antigüedad y en zonas judiciales. Al agotarse este banco en la zona judicial aplicable, se comenzará nuevamente con el primer abogado o la primera abogada en turno, conforme sugiera el Módulo de Asignaciones de Oficio, y así, sucesivamente, según sea necesario.

(d)     *Obligación de seguir el orden de asignaciones sugerido por el Módulo de Asignaciones de Oficio*.  El tribunal deberá seguir el orden de asignaciones que produzca el Módulo de Asignaciones de Oficio para asegurar la uniformidad en el proceso de asignación de representación legal, salvo que:

(1)     un abogado o una abogada se ofrezca a representar de oficio a la parte indigente, conforme lo dispuesto en la Regla 10 sobre la representación voluntaria *pro bono* ante el tribunal;

(2)     se den las circunstancias presentadas en el inciso (i) de esta regla sobre la prohibición de fraccionamiento en la representación legal;

(3)     exista otro procedimiento judicial contra la persona indigente en el que se le haya asignado un abogado o una abogada de oficio y el tribunal determine conveniente asignar la representación legal en el nuevo procedimiento judicial al mismo abogado o la misma abogada. En el ejercicio de su discreción, el tribunal deberá evaluar si el asunto ante su consideración guarda relación con el otro procedimiento judicial, además de los criterios enumerados en el inciso (e) de esta regla, o

(4)     se trate de dos o más casos consolidados en los cuales la misma persona indigente es parte.

El tribunal deberá detallar en el Módulo de Asignaciones de Oficio las razones por las cuales no confirmó la recomendación de asignación del sistema.

(e)     *Criterios para la selección de un abogado o una abogada de oficio*. Conforme con la obligación establecida en el inciso anterior, la discreción del tribunal para evaluar si la recomendación inicial que produce el Módulo de Asignaciones de Oficio es apropiada para el caso particular, se limitará a los elementos siguientes:

(1)     la complejidad particular del caso y el conocimiento especializado mínimo necesario para atender de manera competente el procedimiento específico ante su consideración;

(2)     los años de experiencia, el historial de práctica jurídica que surja en el RUA y el historial de casos que ilustre el tipo de procedimiento que atiende con regularidad el abogado o la abogada;

(3)     el período de tiempo que se estima que tomará el proceso, y

(4)     la cantidad de asignaciones u horas ofrecidas en la representación de oficio que el tribunal haya certificado en el año fiscal en curso al amparo de este Reglamento.

Si existe alguna de estas circunstancias, el tribunal documentará las razones para diferir la asignación de un abogado o una abogada particular en el Módulo de

Asignaciones de Oficio. El efecto del diferimiento no alterará el orden de asignaciones posteriores. Por lo tanto, el abogado o la abogada, cuyo diferimiento se autorice, mantendrá su turno en el banco de abogado y abogadas de oficio.

Autorizado el diferimiento para el caso particular, el tribunal evaluará la próxima recomendación que produzca el Módulo de Asignaciones de Oficio, siempre tomando en consideración los elementos anteriormente enumerados, hasta tanto realice la asignación correspondiente.

(f)     *Notificación de la orden de asignación de representación legal.* Al seleccionar el abogado o la abogada a través del Módulo de Asignaciones de Oficio, el tribunal le notificará electrónicamente y por vía telefónica la orden de asignación de representación legal en un periodo no mayor de veinticuatro (24) horas. El abogado o la abogada que se seleccione asumirá la representación legal de la persona indigente desde su notificación.

La notificación de la orden de asignación se enviará al abogado o a la abogada de forma electrónica acompañada de la correspondiente resolución de determinación de indigencia emitida por el tribunal.  La orden de asignación indicará, como mínimo, el nombre y la dirección postal y física del abogado o de la abogada, su correo electrónico y número de teléfono, la información de contacto de la persona indigente, así como la fecha del señalamiento más próximo. Dicha orden formará parte del expediente judicial y se indicará que procederá *in forma pauperis.*

En los procedimientos de naturaleza penal, la orden de asignación informará, además, si la persona imputada está en libertad bajo fianza, sumariada o confinada, en cuyo caso deberá indicar el nombre de la institución carcelaria en la que se encuentra. Junto con la orden se acompañará también copia de la denuncia y cualquier información o documentación adicional que ordene el tribunal.

En los procedimientos civiles, además, se acompañará con la orden de asignación cualquier información o documentación adicional que ordene el tribunal para brindar un aviso adecuado sobre la controversia y la naturaleza del caso. Cuando se trate de un procedimiento de ingreso involuntario, se notificará también copia de la orden de ingreso y el lugar donde está hospitalizada o recluida la persona.

El tribunal advertirá al abogado seleccionado o a la abogada seleccionada en la orden de asignación sobre el término de cinco (5) días que dispone la Regla 9(a) para que presente cualquier objeción fundamentada mediante moción al tribunal.

(g)     *Conflictos éticos.* Cuando el abogado o la abogada de la Sociedad para Asistencia Legal, o cualquier entidad análoga, o un abogado o una abogada de oficio alegue que no puede asumir o continuar con la representación legal por razón de un conflicto ético, lo advertirá de inmediato al tribunal para que se dirima el asunto ante otro juez u otra jueza.  La vista *ex parte* será confidencial y deberá celebrarse dentro de un término no mayor de cinco (5) días.  En un periodo no mayor de dos (2) días contados a partir de la celebración de la vista, el juez o la jueza que presida la vista deberá resolver si existe o no justa causa para no asumir representación legal o solicitar relevo por razones éticas o solicitar relevo por razón de conflictos de intereses, según aplique.  La información divulgada por el abogado o la abogada en la vista solo será la necesaria para que el

13

tribunal dirima el conflicto y no implicará una violación al ordenamiento ético, siempre que sea pertinente.

Cuando el impedimento para la representación legal surja por motivo de una representación sucesiva o simultánea adversa, el abogado o la abogada deberá informarlo al tribunal, pero no se requerirá la celebración de la vista *ex parte*.

(h)     *Criterios para autorizar el relevo de representación legal*. Realizada la asignación de oficio, solo podrá relevarse al abogado o la abogada que presente una moción al tribunal y demuestre una causa justificada conforme con lo dispuesto en el ordenamiento ético. El tribunal deberá evaluar si, conforme dispone la Regla 9(b) de este Reglamento, existe justa causa para conceder el relevo de representación legal y diferimiento. De proceder el relevo de representación legal, el tribunal asignará el caso a la siguiente persona en turno del banco de abogados y abogadas de oficio.

La indigencia sobrevenida por parte de una persona con representación legal privada no constituirá justa causa para conceder el relevo, conforme el inciso (i) de esta regla.  Como regla general, los conflictos en calendario tampoco serán fundamento para autorizar el relevo de representación legal y diferimiento del caso particular.  Sin embargo, de manera excepcional, el tribunal podrá tomar en consideración el calendario de señalamientos cercanos del abogado o de la abogada y la necesidad de evitar una dilación irrazonable en el trámite del procedimiento particular para determinar si procede el relevo y diferimiento solicitado.

El tribunal deberá considerar la oposición que pueda argüir la persona indigente que recibirá representación legal de oficio. En este caso, el tribunal celebrará una vista para evaluar la prueba en apoyo a la oposición. Cuando la intimidad de la persona indigente u otras razones de justicia así lo requieran, podrá celebrarse una vista confidencial *ex parte*.

El relevo y diferimiento autorizado al inicio de la representación legal no alterará el orden de asignaciones posteriores ni afectará el turno correspondiente del abogado o de la abogada. No obstante, si se autorizara el relevo de representación legal durante el curso del procedimiento judicial, el tribunal podrá diferir al abogado o a la abogada, quien tendrá la obligación de asumir la próxima asignación de oficio que sugiera el Módulo de Asignación de Oficio.  Si el tribunal concluye que los servicios prestados por el abogado o la abogada de oficio en esta etapa resultaron suficientes y que cumplió con su obligación de representación al amparo de este Reglamento, podrá conceder el relevo sin ordenar su diferimiento.

Se permitirán los diferimientos por periodos de duración específica, debidamente acreditados por el abogado o la abogada a satisfacción del tribunal y autorizados por el Juez Administrador o la Jueza Administradora conforme el inciso (k) de esta regla.

(i)     *Prohibición de fraccionamiento en la representación legal*. El tribunal desalentará la representación legal fraccionada por etapas.

Cuando una persona que cuenta con representación legal privada en determinado proceso de naturaleza civil o penal alega ser indigente, el tribunal deberá reconocer la continuidad de su representación legal como una asignación de oficio bajo este Reglamento, luego de emitida la determinación de indigencia.  A quien se asigne de

oficio al amparo de este inciso le aplicarán los beneficios y deberes que establece este Reglamento a partir de la orden de asignación que regula la Regla 8(f).

Por otro lado, cuando el tribunal determine que una parte que recibió el beneficio de una asignación de oficio ya no reúne los criterios de indigencia, podrá ordenar que la persona y su representante legal intenten de buena fe llegar a un acuerdo respecto a los honorarios por devengarse a partir de la determinación del tribunal. Si no se lograra un acuerdo, el tribunal deberá relevar al abogado o a la abogada de la representación legal por justa causa y permitir que la parte continúe el procedimiento por derecho propio, o concederle un periodo razonable para que comparezca con una representación legal privada.

(j)      *Asignación de un abogado o una abogada auxiliar*.  El tribunal podrá asignar un abogado o una abogada auxiliar para que asista al abogado o a la abogada de oficio cuando la complejidad del caso lo amerite o cuando sea necesario para una adecuada representación en etapas apelativas. Ambas asignaciones estarán sujetas a las normas establecidas en este Reglamento. Cuando promueva la sana administración del sistema judicial o la equidad procesal entre las partes, el tribunal podrá asignar uno o más abogados o abogadas auxiliares en un mismo procedimiento judicial.

Como norma general, el tribunal deberá tomar en consideración los criterios establecidos en el inciso (e) de esta regla al momento de seleccionar un abogado o una abogada auxiliar. Sin embargo, podrá considerar una recomendación particular que le provea el abogado o la abogada de oficio para esta asignación.

La asignación de un abogado o una abogada auxiliar para que represente de oficio a una persona indigente en la etapa apelativa no tendrá el efecto de relevar al abogado o a la abogada sobre quien recayó inicialmente la asignación.  En tal caso, el abogado o la abogada de oficio principal tendrá la obligación de preparar la exposición narrativa de la prueba o el resumen de los hechos relevantes a la petición, así como con cualquier otro método reconocido como válido para la reproducción de la prueba oral, según aplique, cuando se le requiera, y asistirá en la prestación de sus servicios al abogado o a la abogada auxiliar que se asigne.

(k)      *Deberes del Juez Administrador o de la Jueza Administradora*.  Cuando el abogado o la abogada solicite:

(1) un diferimiento por duración específica a tenor con la Regla 8(h),

(2) el relevo de la representación legal de oficio por falta de competencia para llevar un recurso a nivel apelativo, o

(3) la asignación de un abogado o una abogada auxiliar al amparo de la Regla 9(c),

el tribunal referirá el asunto al Juez Administrador o la Jueza Administradora. Será responsabilidad del Juez Administrador o la Jueza Administradora determinar, en un término no mayor de dos (2) días, si procede la solicitud referida para su consideración. Cuando el Juez Administrador o la Jueza Administradora sea el juez o la jueza de sala que recibe una petición de las enumeradas en este inciso, el referido se hará al Juez Subadministrador o a la Jueza Subadministradora, a quien le corresponderá disponer del asunto en el mismo término.

15

Si se autorizara un diferimiento por duración específica, anotará la causa y la duración del diferimiento en el Módulo de Asignaciones de Oficio y ordenará al tribunal a realizar una nueva asignación, si procede.

Si se autorizara la petición de relevo o asignación de abogado o abogada auxiliar para fines apelativos, asignará un abogado o una abogada de oficio, ya sea como principal o auxiliar, según corresponda, considerando los criterios establecidos en el inciso (e) de esta regla. No obstante, podrá referirse el asunto a una entidad que ofrece representación legal gratuita a nivel apelativo siempre que no menoscabe el derecho de la parte apelante.

**Regla 9. Proceso de determinación de indigencia, selección de representación de oficio y notificación de la orden de asignación; deberes del abogado o de la abogada**

(a)  *Responsabilidad del abogado o de la abogada que recibe notificación de la orden de asignación; término para responder*. Será responsabilidad de todo abogado y toda abogada atender oportunamente cualquier notificación del tribunal relacionada a una asignación de oficio. No obstante las disposiciones de la Regla 18 de este Reglamento, al recibir una orden de asignación de oficio, el abogado o la abogada contará con un término no mayor de cinco (5) días a partir de la notificación de dicha orden para exponer mediante una moción fundamentada cualquier impedimento por el cual no podrá asumir la representación legal de oficio.

(b)  *Responsabilidad del abogado o de la abogada que recibe notificación de la orden de asignación; justa causa*. Todo abogado o toda abogada que solicite relevo de una asignación de oficio deberá explicar las razones que justifican el diferimiento y el relevo de la representación legal en el caso particular, conforme dispone el inciso (h) de la Regla 8. En la moción, deberán establecerse las razones que constituyen justa causa, tales como:

(1)  que la asignación sería onerosa en vista de la cantidad de asignaciones de oficio recibidas o de la cantidad de horas de oficio *pro bono* ofrecidas en la representación de oficio y certificadas al amparo de este Reglamento durante el año fiscal en curso;

(2)  que la asignación implicaría un quebrantamiento de los deberes éticos de diligencia y competencia, o

(3)  que existen conflictos de intereses personales, éticos o profesionales.

No será razón para solicitar relevo de representación legal la afirmación de que la persona representada no tiene una defensa meritoria. Solo será fundamento para autorizar el relevo de representación legal y su consecuente diferimiento cuando, por excepción, se trate de una persona indigente que es la parte promovente del procedimiento judicial aplicable y el abogado o la abogada que recibe la asignación de oficio asegura, bajo su responsabilidad profesional, que dicha acción es frívola. Cuando se solicite el relevo de representación legal por esta causa u otros conflictos éticos establecidos en el inciso (b)(3) de esta Regla, el abogado o la abogada deberá alertar al tribunal sobre la naturaleza del conflicto en la moción, sin divulgar confidencias, de manera que se refiera el asunto conforme dispone la Regla 8(g), si procede.

16

Salvo lo dispuesto en la Regla 8(h), tampoco constituirá justa causa para solicitar el relevo de representación el conflicto en calendario. Si al momento de la notificación existiera algún conflicto en el calendario del abogado o de la abogada, lo notificará al tribunal dentro del plazo fijado en el inciso (a) de esta regla e indicará la fecha hábil más próxima para calendarizar la vista, entrevista o proceso, según aplique.

El abogado o la abogada de oficio podrá solicitar al tribunal que le conceda el relevo de la asignación de oficio, sin que con ello se admita la renuncia de la representación legal en el procedimiento judicial aplicable. En tal moción, el abogado o la abogada certificará que cuenta con el consentimiento expreso e informado de su cliente y fundamentará las razones por las cuales estima que el tribunal deberá autorizar la petición. Si el tribunal autoriza el relevo de la representación legal de oficio, cesarán los beneficios y deberes al amparo de este Reglamento. Al evaluar estas solicitudes, el tribunal deberá asegurase que el consentimiento de la persona indigente es inteligente e informado.

(c)     *Duración de la asignación de oficio*. El abogado o la abogada prestará sus servicios a la persona indigente durante todo el procedimiento de forma diligente y competente, desde que recibe la notificación de asignación hasta completadas las etapas apelativas, según se indica a continuación:

(1)     *Recurso apelativo* – Si la persona indigente fuera la parte apelada o recurrida en cualquier procedimiento, será deber del abogado o de la abogada de oficio presentar el alegato correspondiente. Por otro lado, si la persona indigente desea recurrir de una determinación final del tribunal en un procedimiento en que se reconoce el derecho a la representación legal en etapas apelativas, el abogado o la abogada de oficio deberá presentar el recurso apelativo que proceda.

En estas instancias, no se considerará una causa justificada para solicitar el relevo de representación legal el que el abogado o la abogada de oficio estime que no existen razones meritorias para interponer un recurso apelativo, salvo que cuente con el consentimiento de su cliente para solicitar la renuncia.

(2)     *Escrito de comparecencia* – Si la persona indigente desea recurrir de la determinación final del tribunal en un procedimiento en que no se reconoce el derecho a la representación legal en etapas apelativas, será deber del abogado o de la abogada de oficio presentar el recurso apelativo que corresponda. Sin embargo, si el abogado o la abogada de oficio estima, en su juicio profesional, que el recurso apelativo es inmeritorio, deberá presentar un escrito de comparecencia dentro del término para interponer el recurso apelativo. En este escrito de comparecencia, resumirá los hechos y el trámite procesal del caso y expondrá los argumentos que podrían dar base al recurso, exhortando al tribunal que realice una evaluación independiente de los méritos. Será deber del abogado y de la abogada de oficio, además, notificar en el escrito de comparecencia las últimas direcciones y número de teléfono de su cliente, certificar que ha compartido copia de este escrito y su apreciación de los méritos del caso con su cliente, y que le ha informado sobre su derecho a presentar un alegato suplementario.

Cumplido el requerimiento de presentar, ya sea el recurso apelativo o el escrito de comparecencia regulados en este inciso (c)(2), el abogado o la abogada de oficio podrá presentar la renuncia de la representación legal y solicitar que el foro apelativo le releve de sus responsabilidades a tenor con este Reglamento.

El abogado o la abogada de oficio que, por cualquier causa justificada, incluida su falta de experiencia en práctica apelativa, no pueda cumplir con su deber de representación legal, así lo informará al tribunal oportunamente para que considere la asignación de un abogado o de una abogada auxiliar en el proceso apelativo, conforme dispone la Regla 8(j) de este Reglamento.

(d)     *Deber continuo de informar cambios en el estado de indigencia*.  Si hubiera un cambio en el estado de indigencia de su cliente, será deber de todo abogado y de toda abogada de oficio informarlo al tribunal tan pronto advenga en conocimiento.  El tribunal deberá corroborar si, ante el estado de solvencia sobrevenida alegado por el abogado o la abogada, la persona indigente dejó de ser acreedora de una representación legal de oficio. Determinada la solvencia económica por parte del tribunal, cesarán los derechos conferidos a la persona y a su representante legal en virtud de este Reglamento. No obstante, el abogado o la abogada no quedará relevado o relevada de la representación legal, salvo que demuestre justa causa conforme la Regla 8(i) y el tribunal conceda el relevo*.

(e)     *Deber de contabilizar todas las horas prestadas de oficio y detalle de los gastos susceptibles de rembolso*. Todo abogado o toda abogada que interese recibir compensación por sus servicios de oficio y el rembolso de los gastos razonables al amparo de este Reglamento deberá mantener un detalle de las tareas realizadas, las horas trabajadas en el caso asignado, los gastos incurridos y un desglose con información sobre las fechas de viajes en automóvil por gestiones relacionadas con la investigación del caso, el propósito y el número de millas recorridas. Al momento de presentar la solicitud de pago de honorarios y rembolso de gastos razonables, deberá utilizar el formulario diseñado y aprobado por la Oficina de Administración de los Tribunales para esos fines. Además, deberá conservar los recibos y las facturas de los gastos susceptibles a rembolso, copia de los cuales se acompañarán a la solicitud de rembolso de gastos razonables en conformidad con la Regla 16 de este Reglamento. El abogado o la abogada de oficio deberá conservar los recibos y facturas originales por un periodo de seis (6) años, los cuales podrán resguardarse de manera digital. Los recibos y las facturas originales deberán presentarse cuando el tribunal o el Director Administrativo o la Directora Administrativa de los Tribunales los soliciten como parte de los documentos necesarios para conceder el rembolso.

## Regla 10.  Representación voluntaria *pro bono* ante el tribunal

El abogado o la abogada que interese representar de forma voluntaria a una persona indigente en un procedimiento judicial podrá solicitar que se le asigne como una representación legal de oficio o que sus servicios se acrediten para fines de la exención anual por servicio *pro bono* al amparo de los criterios siguientes:

(a)     *Representación voluntaria asignada de oficio*. Independientemente de la zona judicial donde figure, el abogado o la abogada con interés en que se le asigne de oficio la

representación legal asumida de forma voluntaria podrá presentar ante el tribunal correspondiente una moción para que se repute su representación *pro bono* como una asignación de oficio. El tribunal podrá autorizar que una representación voluntaria *pro bono* se considere como una asignación de oficio, activándose los beneficios y deberes reconocidos al amparo de este Reglamento, cuando:

(1)     el abogado o la abogada lo solicite desde que asume la representación legal en un procedimiento judicial;

(2)     se trate de la prestación de servicios de representación legal en un proceso de naturaleza civil o penal, según definidos en este Reglamento, excluidos los casos en que se impute la comisión de delitos menos graves que no conlleven la pérdida o restricción de la libertad;

(3)     la persona representada declare bajo juramento que no cuenta con capacidad económica para sufragar costos de representación legal y así lo determine el tribunal conforme los estándares de indigencia que establezca la Oficina de Administración de los Tribunales, y

(4)     el abogado o la abogada y su cliente certifiquen mediante una moción conjunta que no se percibirán honorarios.

Además, el tribunal deberá considerar la complejidad del caso, los años de experiencia y el historial de casos del abogado o de la abogada que solicita la representación *pro bono* asumida voluntariamente para que se repute como una asignación de oficio.  La autorización del tribunal, consignada mediante una resolución, constituirá una excepción a la obligación de asignar una representación legal de oficio basada en el orden de asignaciones sugerido por el Módulo de Asignaciones de Oficio, conforme dispone la Regla 8(e).

Cuando se deniegue la asignación como una de oficio, el abogado o la abogada podrá solicitar al tribunal que la autorice como una representación voluntaria *pro bono*, siempre que cumpla con los requisitos establecidos en los subincisos (2) y (3) de la Regla 10(b).

(b)     *Representación voluntaria pro bono*. El abogado o la abogada que preste servicios *pro bono* en un procedimiento judicial sin que medie una orden de asignación de oficio no podrá disfrutar del beneficio del pago de honorarios y rembolso de gastos al amparo de este Reglamento. No obstante, podrá solicitar al tribunal que certifique las horas trabajadas *pro bono* para cumplir con las treinta (30) horas requeridas para solicitar una exención al amparo de la Regla 7(b)(1) y la convalidación de horas créditos de educación jurídica continua, en conformidad con el Reglamento del Programa de Educación Jurídica Continua. El tribunal autorizará esta representación voluntaria *pro bono*, siempre que:

(1) el abogado o la abogada le notifique desde el momento en que asume la representación legal voluntaria en un procedimiento judicial;

(2) la persona representada declare bajo juramento que no cuenta con capacidad económica para sufragar costos de representación legal y así lo determine el tribunal conforme los estándares de indigencia que establezca la Oficina de Administración de los Tribunales, y

(3) mediante una moción conjunta, el abogado o la abogada y su cliente certifiquen que no se percibirán honorarios.

Será deber del abogado y de la abogada llevar un registro detallado de las horas trabajadas en la gestión del caso, y acompañará dicho registro con la solicitud, conforme dispone la Regla 9(e).

**CAPÍTULO IV. COMPENSACIÓN POR LA GESTIÓN DE OFICIO, PROCEDIMIENTO PARA SU APROBACIÓN, DENEGACIÓN Y AJUSTE**

### Regla 11. Compensación y convalidación de créditos por la asignación de oficio

El abogado o la abogada que se asigne de oficio por el tribunal tendrá derecho a la compensación de honorarios, en conformidad con las disposiciones en este capítulo. En cada año fiscal, deberá acumular un mínimo de treinta (30) horas *pro bono* mediante la prestación de servicios de representación legal de oficio previo a recibir compensación por honorarios.

Además, podrá solicitar la convalidación de horas créditos de educación jurídica continua por sus servicios de oficio *pro bono* para la correspondiente acreditación, a tenor con el procedimiento que dispone el Reglamento del Programa de Educación Jurídica Continua. El abogado o la abogada podrá solicitar la acreditación de las horas por sus servicios aun cuando no haya completado el total de treinta (30) horas de oficio *pro bono*. En ningún caso, las horas compensadas con honorarios podrán convalidarse con créditos de educación jurídica continua.

### Regla 12. Honorarios por el servicio de representación legal de oficio

Los honorarios por las gestiones realizadas de oficio en procedimientos de naturaleza penal o civil, en exceso de las treinta (30) horas establecidas en la Regla 11 de este Reglamento, se determinarán a base de $ 30 por hora por el tiempo dedicado a la investigación y las gestiones realizadas para la preparación del caso fuera del tribunal. Las horas invertidas en el salón de sesiones del tribunal, en comparecencias al tribunal mediante videoconferencias y en la preparación de recursos en etapas apelativas se pagarán a razón de $ 60 por hora. El pago por hora se computará proporcionalmente en incrementos de cuartos (1/4) de hora.

La compensación por los servicios rendidos por un abogado o una abogada de oficio no excederá de las siguientes cantidades en procedimientos de naturaleza penal o civil por año fiscal: $ 1,500 en procedimientos de naturaleza penal con imputaciones menos grave o faltas equivalentes en procedimientos de menores; $ 3,500 en procedimientos de naturaleza penal con imputaciones de delito grave o faltas equivalentes en procedimientos de menores, y $ 2,500 en procedimientos de naturaleza civil definidos en este Reglamento. Los Jueces Administradores o las Juezas Administradoras, y el Tribunal Supremo en los casos ante su consideración, tendrán la facultad de autorizar honorarios en exceso de los límites antes establecidos en consideración a los criterios dispuestos en la Regla 14.

El abogado o la abogada de oficio no podrá acordar, aceptar, recibir o solicitar de la persona indigente o alguna otra persona natural o jurídica honorarios por sus servicios de oficio o pagos por gastos de litigio.

### Regla 13. Certificación de horas trabajadas por una asignación de oficio

Será deber del abogado o de la abogada de oficio solicitar la certificación de las horas trabajadas de oficio no más tarde de quince (15) días desde la culminación de un procedimiento en el tribunal ante el cual prestó el servicio o de finalizar el año fiscal, lo

que ocurra primero. La petición será juramentada por el abogado o la abogada y desglosará todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas trabajadas en el tribunal, fuera de este foro o en una etapa apelativa y la fecha de cada gestión.

El tribunal revisará la razonabilidad de las horas trabajadas y excluirá las horas excesivas, redundantes o innecesarias. Tomará en cuenta la novedad y dificultad de las controversias que, de ordinario, requieren más esfuerzo y dedicación por parte de los abogados y las abogadas. Además, deberá considerar otros criterios, tales como: la multiplicidad de las personas imputadas o acusadas y testigos, la complejidad de la evidencia científica o de los testimonios de las personas peritas o la cantidad de señalamientos judiciales necesarios para la solución del procedimiento.

Evaluada la razonabilidad de la solicitud al amparo de estos criterios, el tribunal ante el cual se prestó el servicio podrá aprobar, ajustar, o denegar las horas reclamadas, expresando en una resolución los fundamentos sobre los cuales descansa su determinación, dentro de los quince (15) días de recibida la solicitud. En la misma resolución, el tribunal certificará las horas trabajadas de oficio, cuando correspondan, y la fecha en que el tribunal asignó el caso de oficio. La resolución certificando las horas trabajadas se notificará al abogado o la abogada que presentó la solicitud.

En los casos ante la consideración del Tribunal Supremo, el abogado o la abogada podrá solicitar la certificación de las horas trabajadas de oficio junto con la solicitud para el pago de honorarios, cuando proceda, en conformidad con la Regla 14.

**Regla 14. Procedimiento para solicitar honorarios**

La solicitud para el pago de honorarios de oficio deberá presentarse ante el Juez Administrador o la Jueza Administradora o ante el Tribunal Supremo, según aplique, en un término improrrogable no mayor de cuarenta y cinco (45) días desde que concluya cada año fiscal. Cuando se acumulen horas compensables durante la representación de oficio asumida en procedimientos judiciales celebrados en distintas regiones judiciales de una misma zona judicial, el abogado o la abogada presentará la solicitud para pago de honorarios de oficio en la región judicial donde se asignó el procedimiento judicial activo de mayor antigüedad. Si el procedimiento judicial culmina antes de que finalice un año fiscal, el abogado o la abogada deberá presentar la solicitud ante el Juez Administrador o la Jueza Administradora de esa región judicial no más tarde de cuarenta y cinco (45) días contados a partir de la notificación de la determinación del tribunal que dispuso del procedimiento.

La reclamación de pago de honorarios contendrá la información siguiente:

(1)     el número del caso y del salón de sesiones al que esté asignado el caso;

(2)     la cantidad del pago de honorarios reclamados, justificada a través del desglose de horas trabajadas en sala, fuera del tribunal o en etapas apelativas, según aplique;

(3)     la fecha de la asignación de oficio y copia de la orden del tribunal que realizó la asignación;

(4)     la firma del abogado o de la abogada acreditando que cumplió con las horas iniciales de servicio *pro bono*;

(5)     un desglose de las horas ofrecidas *pro bono* durante la representación legal de oficio y aquellas sujetas al pago de honorarios, y

(6)     copia de la certificación o certificaciones que evidencien las horas de servicio de oficio prestadas en ese año fiscal.

Si el abogado o la abogada interesa la autorización de honorarios en exceso de los límites establecidos, deberá indicarlo en la solicitud y especificará los asuntos que justifiquen una excepción al límite compensable junto con evidencia que sustente su petición. En el ejercicio de su discreción, el Tribunal Supremo o los Jueces Administradores o las Juezas Administradoras, según aplique, podrán aprobar el pago de honorarios en exceso cuando así lo justifiquen el tiempo invertido, la complejidad del caso y los asuntos novedosos planteados.

Evaluada la información presentada y la corrección de los documentos, dentro de un término de treinta (30) días contados a partir del recibo de la solicitud, el Juez Administrador o la Jueza Administradora o el Tribunal Supremo aprobará el pago de los honorarios que correspondan y precisará la cantidad por pagarse. De exceder el límite compensable, detallará las razones que sustentan su determinación. Deberá remitir la información a la Oficina de Administración de los Tribunales para que proceda con el trámite ante el Departamento de Hacienda.

## CAPÍTULO V.  GASTOS RAZONABLES Y PROCEDIMIENTO PARA SU REMBOLSO

### Regla 15.  Gastos razonables

(a)    *Derecho a solicitar el rembolso de gastos razonables*. El abogado o la abogada que el tribunal asigna de oficio tendrá derecho a recibir del Estado el rembolso de los gastos razonables incurridos en la representación legal de la persona indigente. Los gastos sujetos a rembolso podrán reclamarse al tribunal, aun en los casos en que el abogado o la abogada no haya completado las treinta (30) horas de servicio *pro bono* requeridas en la Regla 11.

(b)    *Partidas sujetas a rembolso*. Se considerarán gastos razonables para la gestión de oficio las partidas siguientes:

(1)    el diligenciamiento de emplazamientos y publicación de edictos,

(2)    la toma de deposiciones,

(3)    la reproducción de documentos,

(4)    el franqueo de servicio postal,

(5)    las llamadas de larga distancia,

(6)    los viajes en automóvil para gestiones relacionadas con la investigación del caso, y

(7)    cualquier otro gasto, probada su necesidad para la adecuada representación legal y tramitación del caso.

El rembolso por los gastos de viaje en automóvil del abogado o de la abogada de oficio se pagará a 30 ¢ por cada milla recorrida fuera del municipio en la cual radica su residencia u oficina, computados a base de la ruta usual más económica. No obstante, el abogado o la abogada de oficio sufragará los gastos por viajes dentro del municipio en la cual radica su residencia u oficina, las llamadas y envío de documentos por líneas telefónicas locales y los gastos de oficina relacionados con el caso.

(c)    *Requisito de autorización previa para solicitar el rembolso de gastos extraordinarios*. Todo gasto extraordinario requerirá de la autorización previa del tribunal ante el cual se está ofreciendo el servicio de oficio para que proceda su rembolso. Antes de incurrir en un gasto extraordinario según definido en la Regla 4, el abogado o la abogada de oficio deberá presentar una solicitud con evidencia que sustente la necesidad del servicio o de los suministros requeridos y la razonabilidad del precio cotizado a base del costo o justo valor en el mercado del servicio o suministro cuya autorización se solicita.

El tribunal podrá autorizar el rembolso de honorarios por servicios de traducción, intérpretes o de una persona perita sujeto a una evaluación de razonabilidad en consideración a la utilidad del servicio y a la luz de las circunstancias particulares del caso. El abogado o la abogada deberá justificar que este gasto es necesario para ofrecer una adecuada representación y defensa de un derecho de la persona indigente.

Si el gasto excediera de $ 500, se requerirá, además, la autorización previa del Juez Administrador o de la Jueza Administradora. En estos casos, evaluada la razonabilidad del gasto por parte del tribunal que presida el procedimiento, se referirá

el asunto al Juez Administrador o de la Jueza Administradora para la autorización de la cantidad recomendada. La facultad de autorizar un gasto extraordinario, independientemente de su naturaleza o cuantía, recaerá en el Pleno del Tribunal Supremo en los casos ante su consideración.

(d)     *Autorización de pago directo a proveedores o proveedoras de servicios en circunstancias excepcionales*.  El abogado o la abogada de oficio que no cuente con los recursos económicos para sufragar un gasto razonable de forma anticipada y, como consecuencia, los derechos de su cliente puedan verse sustancialmente afectados, deberá presentar una solicitud al tribunal para que, por vía de excepción, se autorice el pago del servicio correspondiente.  En su petición, el abogado o la abogada de oficio demostrará el perjuicio que confrontará la persona indigente de no autorizarse el gasto y que este resulta indispensable para la efectiva representación legal.  Será necesario incluir como anejo copia de la cotización del servicio solicitado u otro documento análogo.

Evaluada la solicitud, el tribunal autorizará el pago mediante orden o emitirá una resolución fundamentada cuando la deniegue. Cualquier autorización quedará sujeta a lo dispuesto en el inciso (c) de esta regla cuando se trate de un gasto extraordinario, según se define en este Reglamento.

No más tarde del décimo (10mo) día calendario del mes siguiente al que se prestó el servicio autorizado, el abogado o la abogada de oficio presentará una moción al tribunal para que proceda el pago previamente autorizado al proveedor o a la proveedora del servicio. Deberá acompañar la orden del tribunal autorizando el pago directamente al proveedor o a la proveedora, una copia de la factura y evidencia de que se rindió el servicio. Validada la prestación del servicio y la correspondencia entre lo autorizado y lo solicitado, el tribunal lo aprobará mediante resolución, indicando la cantidad correspondiente y la información de quien ofreció el servicio para que el Estado proceda con el pago.

## Regla 16.  Procedimiento para solicitar el rembolso de gastos

La solicitud de rembolso de gastos tendrá que presentarse bajo juramento por el abogado o la abogada de oficio no más tarde del décimo (10mo) día calendario del mes siguiente al que se emitió el pago. La solicitud contendrá un desglose de todos los gastos susceptibles de rembolso, las fechas en que se emitieron los pagos, la cantidad por rembolsar y copia de los documentos que los acrediten. Deberá presentar, además, la autorización previa del tribunal al amparo de la Regla 15(c), cuando aplique.

Dentro de los treinta (30) días contados a partir del recibo de la solicitud del pago de gastos razonables, el tribunal ante el cual se prestó el servicio de oficio evaluará si corresponde el pago de los gastos solicitados y la razonabilidad de la cantidad reclamada.  El tribunal podrá requerir al abogado o a la abogada de oficio que presente evidencia para sustentar la necesidad del desembolso y la razonabilidad del gasto a base de su costo y justo valor en el mercado. Al determinar la razonabilidad del gasto, el tribunal tomará en consideración la normativa aplicable a las costas, en lo que no sea incompatible con las disposiciones de este Reglamento.

Emitirá su determinación mediante resolución u orden fundamentada. De aprobar el pago, se ordenará que el Estado efectué el rembolso correspondiente y hará constar la cuantía por pagarse. Cualquier solicitud para el pago podrá presentarse pasado el término de diez días por justa causa. No obstante, se rechazará de plano cualquier solicitud de pago presentado luego de transcurrido un año desde que se incurrió en el gasto.

Corresponderá al Juez Administrador o a la Jueza Administradora examinar los documentos que obren en el expediente, inclusive la resolución del tribunal. Certificará que se han cumplido con las disposiciones de este Reglamento y que procede tramitar el rembolso de gastos. Remitirá la documentación a la Oficina de Administración de los Tribunales para que proceda con el trámite ante el Departamento de Hacienda. Esta facultad recaerá en el Pleno en los casos ante la consideración del Tribunal Supremo.

**CAPÍTULO VI. DISPOSICIONES GENERALES**

**Regla 17.   Términos; cómo se computarán**

El cómputo de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal, o por cualquier ley aplicable, se verificará conforme a la Regla 68.1 de Procedimiento Civil.

**Regla 18.   Revisión de determinaciones sobre asignación de abogados y abogadas de oficio, compensación, pago por sus servicios y rembolso de gastos de litigación**

De estar inconforme con una determinación del tribunal con respecto a los asuntos que se rigen por este Reglamento, el abogado o la abogada de oficio podrá presentar una moción de reconsideración dentro del término de cinco (5) días contados a partir de la fecha de la notificación de la resolución. También podrá presentar una solicitud de *certiorari* al tribunal de mayor jerarquía, conforme dispone la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, y el Reglamento de Tribunal de Apelaciones o el Reglamento del Tribunal Supremo, según aplique, dentro del término de cinco (5) días contados a partir de la fecha de la notificación de la resolución. Ambos recursos serán *ex parte*.

Expirado el plazo de diez (10) días desde la notificación de una resolución sin que el tribunal se haya expresado sobre una moción de reconsideración y sin que se haya presentado una solicitud de *certiorari*, será final y firme la determinación del tribunal.

**Regla 19.  Restitución de fondos al Estado**

(a)      *Obligación de pago o rembolso al Estado*.  La persona que obtuvo los beneficios de una representación legal de oficio al amparo de este Reglamento estará obligada a rembolsar la totalidad de lo pagado en cualquier caso en que el Estado haya sufragado todo o parte de los honorarios o los gastos del procedimiento, si surge evidencia de que no cualificaba para recibirlos por razón de solvencia económica presente al momento de la asignación o sobrevenida durante el proceso judicial.  No obstante, si la Oficina de Administración de los Tribunales no ha remitido la autorización de pago al Departamento de Hacienda, la persona pagará directamente al abogado o a la abogada los gastos de litigio incurridos y los honorarios sujetos a compensación a base del valor razonable de los servicios prestados por el abogado o la abogada.

El tribunal podrá ordenar la satisfacción íntegra de lo adeudado al Estado en un solo pago o a plazos, y que se remita al Secretario o a la Secretaria de Hacienda. En caso de que dispusiera el pago a plazos, el término máximo para saldar la deuda no deberá exceder un (1) año, salvo que se solicite oportunamente la extensión del plazo por causa justificada.

(b)      *Restitución de costas y honorarios al Estado*. Cuando proceda la concesión de honorarios por disposición de ley o el pago de costas en un caso civil, el tribunal ordenará que el pago que proceda se emita a favor del Estado.

**CAPÍTULO VII. EVALUACIÓN CONTINUA DEL SISTEMA DE ASIGNACIÓN DE OFICIO**

**Regla 20.  Deberes de la Oficina de Administración de los Tribunales**

La Oficina de Administración de los Tribunales deberá establecer los mecanismos necesarios para procurar la eficiencia y uniformidad en la implementación del sistema de asignaciones de oficio y evaluar su funcionamiento. Emitirá, además, las directrices necesarias para asegurar la buena administración del sistema de asignaciones de oficio. Con el fin de lograr estos objetivos, se delegan al Director Administrativo o la Directora Administrativa de los Tribunales las responsabilidades siguientes:

(a)      *Informe anual a la Comisión Permanente para la Evaluación del Sistema de Oficio.* Preparará un informe anual con la información provista en los informes sometidos por los Jueces Administradores y las Juezas Administradoras y los jueces y las juezas que les asistirán con las funciones administrativas relacionadas con el sistema de asignaciones de oficio en sus respectivas zonas judiciales. Este informe anual incluirá datos sobre la asignación de casos por zona judicial y los pagos por honorarios de oficio y gastos autorizados, entre otros datos necesarios para la efectiva y continua supervisión del sistema de asignaciones de oficio. El Director Administrativo o la Directora Administrativa de los Tribunales presentará este informe a la Comisión Permanente para la Evaluación del Sistema de Oficio en los primeros treinta (30) días del comienzo de cada año fiscal.

(b)      *Actualización del banco de abogados y abogadas de oficio y publicación de las listas*.  Deberá crear los mecanismos necesarios para que el banco de abogados y abogadas de oficio esté actualizado y, en coordinación con el Secretario o la Secretaria del Tribunal Supremo, publicará en la cuenta de los abogados y las abogadas en el RUA las listas de los profesionales del Derecho disponibles para la asignación de oficio por zona judicial no más tarde del 30 de septiembre y 30 de marzo de cada año fiscal. Notificará igualmente cualquier cambio en la composición de las zonas judiciales.

(c)      *Revisiones periódicas.*  Revisará anualmente los estándares de determinación de indigencia, la lista de entidades u organizaciones autorizadas para cumplir con las horas *pro bono* requeridas para la exención de la Regla 7(b)(1) y la composición de las zonas judiciales. Las actualizaciones deberán publicarse en el portal de la Rama Judicial oportunamente antes del comienzo del año fiscal.

(d)      *Directrices administrativas*. Tendrá la facultad de aprobar las directrices necesarias con el fin de regular aspectos administrativos relacionados a la implementación del Reglamento, las cuales atenderán, entre otros, los asuntos siguientes: (1) los estándares de determinación de indigencia para el sistema de representación de oficio y cualquier otro programa que la Rama Judicial instituya para adelantar el acceso a la justicia; (2) los parámetros para la determinación de necesidades fundamentales del ser humano; (3) el procedimiento para darle publicidad a las listas de los abogados y las abogadas disponibles para recibir asignaciones de oficio; (4) la frecuencia y forma en que se actualizará este banco de abogados y abogadas de oficio; (5) los criterios para uniformar las concesiones de diferimientos por duración específica; (6) la creación y los cambios en las zonas judiciales; (7) la lista de las

entidades u organizaciones autorizadas donde los abogados y las abogadas pueden prestar servicios *pro bono* para acumular las horas requeridas para exención de la Regla 7(b)(1), y (8) el procedimiento interno para tramitar el pago de honorarios y rembolso de gastos.

(e)      *Formularios*. Elaborará y revisará periódicamente los formularios necesarios para tramitar los asuntos requeridos por este Reglamento.

## Regla 21.   Deberes de los Jueces Administradores y de las Juezas Administradoras

Los Jueces Administradores y las Juezas Administradoras tienen la responsabilidad de administrar el sistema de oficio en su región judicial. Podrán delegar esta función a un juez o una jueza de su región judicial, quien manejará el trámite correspondiente en conformidad con este Reglamento y las directrices aprobadas por la Oficina de Administración de Tribunales.

Trimestralmente, deberán entregar al Director Administrativo o a la Directora Administrativa de los Tribunales un informe con el detalle de los pagos de honorarios y rembolsos de gastos razonables por partida aprobados en su región judicial a los abogados o las abogadas de oficio durante ese año fiscal. El Director Administrativo o la Directora Administrativa de los Tribunales podrá requerirles informes periódicos de otros asuntos del sistema de oficio con el fin de evaluar su funcionamiento y presentar oportunamente su informe anual a la Comisión Permanente para la Evaluación del Sistema de Oficio.

Además, será deber de los Jueces Administradores y de las Juezas Administradoras que configuren una zona judicial escoger entre sí un juez o una jueza que les asista en las funciones administrativas relacionadas con el sistema de asignaciones de oficio de la zona judicial a su encargo. Esta persona desempeñará los deberes siguientes:

 (1)      *Informes*. Presentará los informes que el Director Administrativo o la Directora Administrativa de los Tribunales solicite periódicamente con datos relativos a las asignaciones de abogados o abogadas de oficio. Auxiliará al Director Administrativo o la Directora Administrativa de los Tribunales en la preparación del informe anual a la Comisión Permanente para la Evaluación del Sistema de Oficio.

(2)      *Actualización y revisión del banco de abogados y abogadas de oficio.* Por lo menos dos veces al año, revisará que el banco de abogadas y abogados de oficio en su zona judicial esté actualizado. Esta revisión deberá efectuarse en las fechas que establezca mediante directriz el Director Administrativo o la Directora Administrativa de los Tribunales. Nada de lo dispuesto en este párrafo prohíbe que se actualice el banco de abogadas y abogados de oficio de la zona judicial a su encargo con la frecuencia necesaria para la consecución de los objetivos de este Reglamento.

(3)      *Revisión anual de las zonas judiciales*. Anualmente presentará recomendaciones sobre la composición de las zonas judiciales basándose en datos estadísticos que compartirán las regiones judiciales conforme disponga el Director Administrativo o la Directora Administrativa de los Tribunales.

**Regla 22.  Creación de la Comisión Permanente para la Evaluación del Sistema de Oficio**

Dentro de los cuarenta y cinco (45) días contados a partir la aprobación de este Reglamento, se creará la Comisión Permanente para la Evaluación del Sistema de Oficio que evaluará el funcionamiento del sistema de oficio, realizará los estudios que entienda apropiados para la encomienda y asistirá en el proceso de revisión anual de los estándares de indigencia, los parámetros para la cualificación de las necesidades fundamentales del ser humano y la configuración de las zonas judiciales. Ofrecerá recomendaciones puntuales sobre estos asuntos al Director Administrativo o la Directora Administrativa de los Tribunales, quien presidirá la Comisión.

La Comisión estará compuesta por nueve (9) miembros, quienes rendirán sus servicios *ad honorem*.  Quedará integrada por las personas siguientes:

(1)      Director Administrativo o Directora Administrativa de los Tribunales;

(2)      Director ejecutivo o directora ejecutiva de la Sociedad para Asistencia Legal;

(3)      Director ejecutivo o directora ejecutiva de una entidad sin fines de lucro en Puerto Rico que ofrece servicios legales gratuitos a personas indigentes en procedimientos de naturaleza civil;

(4)      Director o directora de una clínica de asistencia legal de una de las facultades de Derecho en Puerto Rico;

(5)      Dos (2) Jueces Administradores o Juezas Administradoras, nombrados o nombradas por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo;

(6)      Un o una (1) representante del Colegio de Abogados y Abogadas de Puerto Rico;

(7)      Un o una (1) representante de la Asociación de Abogados de Puerto Rico, y

(8)      Un o una (1) representante del Colegio de Notarios de Puerto Rico.

Las personas nombradas en los incisos (3) y (4) de esta regla se rotarán cada año, de manera que cada una tenga oportunidad de participar en la Comisión. Las entidades que participarán el primer año se seleccionarán mediante sorteo.

La Comisión presentará un informe con sus recomendaciones para mejorar el sistema de asignaciones de oficio al Tribunal Supremo antes del 31 de diciembre del año fiscal evaluado, salvo que, por justa causa oportunamente presentada y fundamentada, solicite mediante moción un término adicional.

La Oficina de Administración de los Tribunales proveerá a la Comisión la información y los recursos necesarios para realizar su trabajo y cumplir con el propósito de su creación. Contarán, además, con la colaboración de la Oficina del Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo para la investigación necesaria con miras a la proposición de enmiendas al sistema de oficio.

**CAPÍTULO VIII. MEDIDAS DE TRANSICIÓN, SEPARABILIDAD Y VIGENCIA**

**Regla 23.  Separabilidad**

Si cualquier disposición de este Reglamento o su aplicación a cualquier persona fuera declarada nula o inconstitucional, ello no invalidará las disposiciones restantes, las cuales continuarán en pleno vigor.

**Regla 24.  Derogación**

El Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal de 1 de mayo de 2008 quedará derogado con la entrada en vigor de este Reglamento.

**Regla 25.  Medidas transitorias**

(a)  *Medidas transitorias de aplicación a la Oficina de Administración de los Tribunales*. Dentro de un término de ciento veinte (120) días desde la aprobación de este Reglamento, la Oficina de Administración de los Tribunales deberá adoptar y publicar los documentos siguientes:

(1)  los formularios para tramitar los asuntos requeridos por este Reglamento;

(2)  los estándares para la determinación de indigencia;

(3)  la lista de las entidades u organizaciones autorizadas donde los abogados y las abogadas pueden prestar servicios *pro bono* con el propósito de acumular las horas requeridas para la exención de la Regla 7(b)(1), y

(4)  el mapa con la configuración de las zonas judiciales.

La Oficina de Administración de los Tribunales deberá, además, establecer las directrices necesarias para la implementación de la exención de la Regla 7(b)(1).

(b)  *Medidas transitorias de aplicación a los abogados y las abogadas*.  Todo abogado y toda abogada deberá presentar electrónicamente, a través el sistema habilitado a esos fines, una declaración inicial en un plazo de cuarenta y cinco (45) días previo a la entrada en vigor de este Reglamento. Esta declaración inicial deberá contener lo siguiente:

(1) Una certificación de que su perfil en el RUA y toda la información que allí conste están actualizados, confirmando que:

(i) la información de contacto (teléfonos, direcciones postales y físicas de su residencia y oficina, localización de su oficina notarial (si la tiene) y las direcciones de correo electrónico) es la correcta;

(ii) ha actualizado su historial de empleo, y

(iii) ha actualizado su historial de práctica jurídica.

(2) Cualquier solicitud de exención o exclusión que interese que se conceda al amparo de la Regla 7 de este Reglamento.

No se requerirá la presentación de esta declaración inicial a los abogados y las abogadas que, a la fecha de vigencia de este Reglamento, hayan cumplido setenta (70) años o más, quienes se hayan admitido a esta jurisdicción por cortesía y a quienes no figuren como "activo" en el RUA, ya sea por baja voluntaria, solicitud de cambio de estatus a "inactivo", suspensión definida o indefinida, o por separación del ejercicio de la abogacía decretada por el Tribunal Supremo.

Transcurrido el plazo de cuarenta y cinco (45) días, el Secretario o la Secretaria del Tribunal Supremo notificará electrónicamente un Aviso de Incumplimiento a los abogados y las abogadas que no hayan cumplido con su deber de presentar esta declaración inicial.  Se le concederá al abogado o a la abogada un término improrrogable de treinta (30) días adicionales a partir de la notificación del Aviso de Incumplimiento para que acredite su cumplimiento ante el Secretario o la Secretaria. Al expirar este último término sin que el abogado o la abogada haya cumplido, se remitirá el asunto al Tribunal Supremo para que determine si iniciará un procedimiento disciplinario en su contra.

 (c)    *Otras disposiciones transitorias*.

(1)    Las disposiciones de este Reglamento serán de aplicación prospectiva. No obstante, podrá solicitarse el pago de honorarios por el exceso de las treinta (30) horas de servicio *pro bono* de oficio trabajadas en un procedimiento judicial activo a la fecha de vigencia de este Reglamento. La solicitud para el pago de honorarios deberá presentarse junto con la solicitud de rembolso de los gastos razonables incurridos en tales asignaciones en el plazo improrrogable de cuarenta y cinco (45) días a partir de la vigencia de este Reglamento. Transcurrido este plazo, las solicitudes de pago de honorarios y rembolso de gastos presentadas luego se rechazarán de plano.

(2)    Las horas trabajadas *pro bono* para fines de la exención de la Regla 7(b)(1) que se hayan ofrecido antes de la vigencia de este Reglamento no podrán convalidarse como horas créditos de educación jurídica continua.  La Junta de Educación Jurídica Continua establecerá las normas necesarias para el procedimiento de acreditación de las horas *pro bono* autorizadas al amparo de este Reglamento.

(3)    No obstante las disposiciones transitorias del subinciso anterior, se podrán reconocer las horas de servicio *pro bono* para fines de la exención de la Regla 7(b)(1) pese que se hayan ofrecido durante el año fiscal inmediatamente anterior a la entrada en vigor de este Reglamento.  Será necesario que las treinta (30) horas de servicio *pro bono* se hayan ofrecido a través de una de las entidades u organizaciones autorizadas por la Oficina de Administración de los Tribunales y que tal entidad u organización emita la debida certificación conforme las directrices que se adoptarán a esos fines.

(4)    Si por alguna razón no estuvieran disponibles los sistemas de notificación electrónica de la Rama Judicial, quedarán en suspenso las disposiciones concernientes de la Regla 8.  De igual forma, podrá requerirse a los abogados y las abogadas que utilicen los formularios aprobados por la Oficina de

Administración de los Tribunales para cualquier solicitud a tenor con este Reglamento cuya presentación se requiera por medios electrónicos.

**Regla 26. Vigencia**

Este Reglamento entrará en vigor el 1 de julio de 2019.